IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAMARCUS TORRELL CARTER, <br> TDCJ No. 2278813, <br><br> Plaintiff, <br><br> V. <br><br> DALLAS COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendant. | §§§§§§§§§§§§§ | No. 3:21-cv-2723-D-BN |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Shamarcus Torrell Carter, a Texas prisoner, serving a life sentence following his conviction for assault/family violence in Cass County, Texas, filed a *pro se* civil rights complaint in this district against at least employees of Dallas County concerning his Cass County conviction. *See* Dkt. No. 3. Senior United States District Judge Sidney A. Fitzwater referred Carter's complaint to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference. And Carter has now paid the $402 statutory filing fee.

Because Carter paid that fee does not mean that this action – by a prisoner asserting claims against employees of a governmental entity – should not be screened under the Prison Litigation Reform Act (the PLRA). *See, e.g.*, *Thompson v. Hayes*, 542 F. App'x 420, 420-21 (5th Cir. 2013) (per curiam) ("[U]nder 28 U.S.C. § 1915A(b)(1), the district court is required to review any civil complaints in which a prisoner seeks relief against a government entity, officer, or employee regardless of whether the

prisoner has paid the filing fee." (citing *Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998))).

Under the PLRA, where a prisoner – whether he is incarcerated or detained pending trial – seeks relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The pretrial timeline set out in the decision affirming Carter's conviction provides context to screen his civil claims:

> On or about September 7, 2017, Carter was arrested in Dallas County for the family violence assault on Dara Thomas that occurred on June 20, 2017, in Cass County. On September 11, 2017, he was appointed counsel by the County Court at Law of Cass County. Carter apparently remained in Dallas County custody until sometime in February 2019. On January 16, 2019, Carter was indicted for the June 20 family violence assault, and a capias for his arrest was issued on January 30, 2019. Carter was arrested by Cass County on February 27, 2019.
> Although he was represented by appointed counsel, Carter filed a pro se motion for speedy trial on February 28, 2019. In his motion, Carter alleged that he had been arrested on September 7, 2017, and had remained in custody since his arrest. He also alleged that he had written a letter to the district attorney requesting a speedy trial, but a copy of the letter does not appear in the record. Carter then alleged that he would be prejudiced if the trial was not held before April 29, 2019, because Thomas, who he alleged would testify on his behalf, would not be available to testify after March 29, 2019. Finally, Carter requested that the trial court set the case to be tried on or before April 29, 2019.
> At a pretrial hearing on March 11, 2019, Carter entered a plea of not guilty and represented to the trial court that there was nothing further that needed to be taken up. At a pretrial hearing on April 8, 2019, the trial court informed Carter that it had received a handwritten motion from him and that it would not look at it since he was

> represented by counsel. His appointed counsel again represented to the trial court that there were no defense issues that needed to be taken up. On April 16, 2019, Carter filed a pro se motion to appear pro se. At a pretrial hearing on May 6, 2019, Carter's counsel announced that Carter wanted to try his case pro se and requested that he be allowed to withdraw as counsel. The trial court granted counsel's motion to withdraw and appointed new counsel for Carter.
>
> At the next pretrial hearing, on June 3, 2019, Carter's new counsel announced that Carter had informed her that he wanted to represent himself. Yet, after Carter conferred further with his new counsel, he withdrew his motion to appear pro se. Afterward, Carter's counsel informed the trial court that there were no other pretrial issues that needed to be taken up. On June 13, 2019, Carter filed a pro se motion to dismiss prosecution in which he sought dismissal of the indictment based on alleged speedy trial violations.
>
> The day before the trial began, at the final pretrial hearing on July 15, 2019, Carter's counsel announced that Carter wanted her to re-urge his motion for speedy trial. When the trial court noted that the basis of the motion was the unavailability of Thomas, the State informed the trial court that Thomas was available to testify. Carter's counsel then argued that the charges had been pending for twenty-five months and that he has not been able to work and provide for his children. His counsel also argued that Carter felt that he could have been working on a pending matter in Dallas that had been pending since 2017 more effectively if this case had been resolved. His counsel also complained that the Dallas County assistant district attorney, who was assisting in the Cass County prosecution, would have "two bites at the apple" on his pending case in Dallas. After noting that the trial of the case would start the next day and that the basis of the written motion, i.e., the unavailability of Thomas to testify, was groundless, the trial court denied the motion.

*Carter v. State*, No. 06-19-00172-CR, 2020 WL 5223327, at *6-*7 (Tex. App. – Texarkana Sept. 2, 2020, pet ref'd) (footnote omitted), *aff'g State v. Carter*, No. 2019F00047 (5th Dist. Ct., Cass Cnty., Tex.).

Carter's conviction was affirmed over his speedy-trial challenge. *See id.* at *7-*9 (balancing the four factors under *Barker v. Wingo*, 407 U.S. 514, 522 (1972)). And the Texas Court of Criminal Appeals refused Carter's petition for discretionary review. *See Carter v. State*, PD-0967-20 (Tex. Crim. App. Jan. 13, 2021); *see also Ex*

*parte Carter*, WR-93,022-01 (Tex. Crim. App. Sept. 22, 2021) (denying state habeas application without written order).

While Carter's alleged facts are few and difficult to follow, liberally construed, they seem to allege that, in violation of Carter's civil rights, a trial judge in Dallas County (Jeanine Howard) refused to let his counsel try him in her court and that a Dallas County prosecutor (Julie Johnson) assisted with his Cass County prosecution. *See* Dkt. No. 3 at 2. Carter may also assert claims against his trial counsel, presumably for alleged ineffective assistance. *See id.*

First, as to Carter's allegations against Judge Howard, judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009).

"Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is

irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Carter fails to allege that any act taken by Judge Howard was not a normal judicial function nor undertaken without jurisdiction. His claims against this defendant are therefore barred by judicial immunity.

Next, as to Johnson, Carter appears to challenge her participation in his Cass County prosecution, *see* Dkt. No. 3 at 2, an issue the state criminal trial court rejected, *see* Carter, 2020 WL 5223327, at *7. Regardless, Carter alleges no facts against Johnson to show that she acted outside her role as a prosecutor, which leads to the conclusion that his civil claims against Johnson should be dismissed

State prosecutors are absolutely immune from a suit for damages for actions taken within the scope of their duties as prosecutors. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 n.2 (5th Cir. 2000) ("As to prosecutors, entitlement [to immunity] flows from performance of activities that are intimately associated with the judicial process, such as initiating and prosecuting a criminal case." (citing *Imbler*, 424 U.S. at 430)).

A plaintiff "may overcome a defendant's prosecutorial immunity by alleging actions that fall outside 'initiating the prosecution and in carrying the case through the judicial process.'" *DeLeon v. City of Dall.*, No. 3:02-cv-1097-K, 2003 WL 22244773, at *1 (N.D. Tex. Sept. 16, 2003) (quoting *Boyd*, 31 F.3d at 285), *rev'd in part on other*

*grounds*, 141 F. App'x 258 (5th Cir. 2005).

Even so, prosecutorial immunity is broad and, for example, "applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process, including their actions in seeking the issuance of an arrest warrant." *Id.* (citations and quotation marks omitted); *see Bibb v. Montgomery Cnty. Sheriff*, Civ. A. No. H-13-3736, 2014 WL 3828232, at *8 (S.D. Tex. July 30, 2014) ("[A] prosecutor is entitled to absolute immunity for his action in commencing a prosecution and all actions during the course and scope of the prosecution, even against charges that he acted 'maliciously, wantonly, or negligently.'" (quoting *Imbler*, 424 U.S. at 430-31)).

Further, insofar as success on Carter's civil claims, particularly those questioning Johnson's role in his prosecution, would implicate the validity of a criminal conviction that has not been disturbed (either on direct appeal or collaterally), his claims are subject to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), which "based its holding on the 'hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments,' and analyzed when and how a [civil] cause of action accrues," *Colvin v. LaBlanc*, 2 F.4th 494, 498-99 (5th Cir. 2021) (footnote omitted).

Similarly, any civil claim that Carter may bring against his former counsel would also be subject to the *Heck* rule. *See Mount v. Wakefield*, 738 F. App'x 280, 280-81 (5th Cir. 2018) (per curiam) (affirming dismissal of Section 1983 claim based on

alleged violation of the Sixth Amendment right to effective assistance of counsel as barred by *Heck*); *see also Farrow v. Lipetzky*, No. 12-cv-06495-JCS, 2017 WL 1540637, at *11 (N.D. Cal. Apr. 28, 2017) ("Each of those types of claims – ineffective assistance demonstrated to be prejudicial under *Strickland*, structurally ineffective assistance under *Cronic*, and denial of counsel of choice under *Gonzalez-Lopez* – would likely be barred by *Heck* if brought by a plaintiff who had been convicted in the prosecution at issue, regardless of whether that conviction resulted from a guilty plea.").

Claims subject to this rule should be dismissed because they have yet to accrue. *See McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019) (*Heck*'s "favorable-termination requirement" "applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." (quoting *Heck*, 512 U.S. at 487)); *Colvin*, 2 F.4th at 499 ("Pursuant to *Heck*, the primary question here is whether success on Colvin's claims would necessarily implicate the validity of his conviction or confinement.").

That is, under the *Heck* rule, "factual allegations [that] are necessarily inconsistent with the validity of [a] conviction" that a plaintiff fails to show has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court should be dismissed. *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006) (cited in *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)); *accord Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (per curiam); *see also O'Donnell v. Harpstead*, No. 21-cv-0177 (ECT/TNL), 2021 WL 1200671, at *2 (D. Minn. Feb. 26, 2021) ("[A]lthough *Heck* discusses only claims brought for monetary

damages, the principles of that case apply to all claims brought in civil litigation that necessarily imply the invalidity of detention, including claims for injunctive relief." (citing *Jones-El v. Joyce*, No. 4:09-CV-1972, 2009 WL 5217006, at *2 (E.D. Mo. Dec. 30, 2009) (collecting cases))), *rec. accepted*, 2021 WL 1195863 (D. Minn. Mar. 30, 2021).

But a *Heck* "dismissal 'does not preclude a later claim meeting the preconditions for suit.' That is, a *Heck* dismissal is a dismissal without prejudice." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (cleaned up; quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996); citing *Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998) (en banc)).

**Recommendation**

The Court should dismiss this lawsuit with prejudice to the extent Plaintiff Shamarcus Torrell Carter brings claims implicating judicial or prosecutorial immunity but without prejudice to the extent that he asserts claims subject to the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994), which therefore have yet to accrue.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 6, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE